IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM MILLER,

                              Petitioner,                       OPINION & ORDER

        v.
                                                                15-cv-33-jdp
WARDEN LIZZIE TEGELS,

                              Respondent.

---

Petitioner Adam Miller is in custody at the Jackson Correctional Institution. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his sentencing following his 2010 conviction in the La Crosse County Circuit Court. Dkt. 1. Petitioner has paid the filing fee in this court and I may now preliminarily review the case under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is proceeding pro se, so I must review his petition under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). I conclude that he has procedurally defaulted his claims. But even if he could overcome the default, I cannot grant him relief. He seeks review of a state-court interpretation of a state law, which is not an issue that a federal court can consider on a habeas petition under 28 U.S.C. § 2254.

FACTS

The following facts are drawn from the petition and state court records. In La Crosse County Case No. 2010CF000208, petitioner was convicted of stalking while armed with a dangerous weapon in violation of Wis. Stat. § 940.32(3)(c), and of burglary while armed with

a dangerous weapon in violation of Wis. Stat. § 943.10(2)(a). He was convicted as a repeat offender for both under Wis. Stat. § 939.62(1).

The stalking count carried a maximum of seven and one-half years of initial confinement. But because petitioner was a repeat offender, the maximum was increased to nine and one-half years with an additional five years of extended supervision. The burglary count carried a maximum of 10 years of initial confinement, but it too was increased because petitioner was a repeat offender. The burglary maximum went up to 12 years of initial confinement, with an additional 5 years of extended supervision.

At sentencing, the court confirmed the enhanced maximums with the parties and then sentenced petitioner to 10 years of imprisonment on the stalking count, which included 7 years of initial confinement and 3 years of extended supervision. The court also sentenced petitioner to 15 years of imprisonment on the burglary count, which included 11 years of initial confinement and 4 years of extended supervision. The court ordered that the sentences run consecutively.

Petitioner moved for postconviction relief, which the circuit court denied on August 21, 2013. Petitioner appealed his conviction, but the Wisconsin Court of Appeals affirmed on June 5, 2014. *State v. Miller*, 2014 WI App 83, ¶ 1, 355 Wis. 2d 580, 851 N.W.2d 472. Petitioner moved the court for reconsideration, but was denied on July 7, 2014. Petitioner did not appeal that decision to the Wisconsin Supreme Court because the Jackson Correctional Institution failed to timely pay him, so he could not afford the copies.

Petitioner filed his petition for habeas relief in this court on January 16, 2015. The petition articulates one ground for relief: that the sentencing court imposed a sentence that included a year for a penalty enhancer without first imposing the maximum term of

imprisonment for the underlying base offense, purportedly in violation of Wis. Stat. §§ 939.62(1) and 973.01(2)(c), and contrary to *State v. Harris*, 119 Wis. 2d 612, 350 N.W.2d 633 (1984).

## ANALYSIS

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. Review of state court decisions under that statute are "highly deferential" to the state court. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal quotation and citation omitted). The court cannot grant the writ if petitioner has not yet exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A) (petitioner must "exhaust[] the remedies available in the courts of the State" before seeking relief in federal court). The doctrine of exhaustion requires a habeas corpus petitioner to fully and fairly present his claims so as to give state appellate courts a meaningful opportunity to consider the substance of those claims and correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). To fully present his claims, petitioner must pursue all available avenues of relief and comply with the state's procedural requirements before turning to the federal courts. A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

Petitioner failed to appeal the decision of the court of appeals to the Wisconsin Supreme Court within the 30-day timeframe, Wis. Stat. § 808.10(1), and so he has procedurally defaulted. *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015). Generally, when

a petitioner has procedurally defaulted, I would allow him the opportunity to overcome his default by demonstrating: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). But I will decline to allow petitioner a response because even if he could overcome his default, I cannot grant him relief.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court shall summarily dismiss a petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Petitioner argues that the state appellate court misinterpreted Wisconsin law when it determined that a sentencing court could apply a penalty enhancer to increase a term of initial confinement beyond the maximum prescribed by law without first imposing the maximum term of imprisonment, including both initial confinement and extended supervision.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner does not argue that the appeals court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." *Williams v. Taylor*, 529 U.S. 362, 399 (2000). He merely disagrees with the state court's interpretation of state law. Because there is no indication that either the Constitution or federal law was at all implicated, petitioner's challenge to the state court's interpretation of state law must fail. *Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) ("[I]t is not the province of a federal habeas

4

court to reexamine state-court determinations on state-law questions."). I lack authority under 28 U.S.C. § 2254 to grant his petition on those grounds, and so I must dismiss the petition.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Adam Miller is DISMISSED and the clerk is directed to close this case.

Entered May 9, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge